IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ALBERTO VILLA-SANCHEZ (BOP Register No. 49664-177), § § § | | |
| Movant, § § | | |
| V. § | No. 3:17-cv-3457-D-BN | |
| § | | |
| UNITED STATES OF AMERICA, § § § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Movant Jose Alberto Villa-Sanchez, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 2. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts because "it plainly appears ... that [Villa-Sanchez] is not entitled to relief."

**Applicable Background**

Villa-Sanchez pleaded guilty to unlawful reentry after removal in violation of 8 U.S.C. §§ 1326(a), (b)(2). *See United States v. Villa-Sanchez*, No. 3:15-cr-255-D (01) (N.D. Tex.), Dkt. No. 24. Because he was removed from the United States after he was

convicted of two drug trafficking offenses, the Court set his offense level at 24 under the United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2. *See United States v. Villa-Sanchez*, No. 3:15-cr-255-D (01) (N.D. Tex.), Dkt. No. 18 at 7 (Presentence Report); *see also id.* at Dkt. No. 25 (adopting the Presentence Report). The Court ultimately determined that his Guideline range was 70 to 87 months and sentenced him to 71 months in prison with one year of supervised release. *See United States v. Villa-Sanchez*, No. 3:15-cr-255-D (01) (N.D. Tex.), Dkt. No. 24.

This is Villa-Sanchez's first Section 2255 motion that challenges his criminal judgment. He challenges only the Court's application of the U.S.S.G. *See* Dkt. No. 2 at 3. Specifically, he relies on *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), among others, to argue that the Court misapplied the U.S.S.G. by increasing his offense level on account of his two prior Texas convictions for possession with intent to distribute a controlled substance. *See* Dkt. No. 2 at 2-3.

## Legal Standards and Analysis

Villa-Sanchez argues that his prior Texas convictions are not "serious drug offenses" – a class of predicate crimes that can enhance an armed career criminal's sentence under 18 U.S.C. § 924(e) – or "controlled substance offenses," which can support a career-offender enhancement under U.S.S.G. § 4B1.2. *See* Dkt. No. 2 at 3 ("Because delivery under Texas law is broader than manufacturing, distributing[,] or possessing with intent to manufacture or distribute under [Section 924(e)], [Villa-Sanchez's] prior convictions are not serious drug offenses."); *see also id.* (arguing that

a Texas conviction for possession with the intent to distribute cannot support a career offender enhancement under Section 4B1.2). Even if he is correct, those arguments are beside the point. Villa-Sanchez was not convicted of violating Section 924(e); nor was he sentenced as a career offender under Section 4B1.2. And he does not argue that his Texas crimes were not "drug trafficking offenses" as defined in Section 2L1.2 – the only U.S.S.G. provision at issue here. So, there is no merit to his claim that he is entitled to a new sentence on those grounds. *See, e.g.*, *Mendieta v. United States*, No. A-17-CA-607-SS, 2017 WL 3401520, at *2 (W.D. Tex. Aug. 8, 2017) ("*Mathis*, *Hinkle*, and *Tanksley* involve the enhancement of a defendant's sentence as a career offender under either the Armed Career Criminal Act or the federal sentencing guidelines, but Mendieta was not sentenced as a career offender.").

And his Section 2255 motion lacks merit for a more fundamental reason. Any claim that the Court erred when it calculated his guideline sentence – for example, when it counted his prior Texas convictions as "drug trafficking offenses" and so set his offense level at 24 – instead of 8 – under Section 2L1.2 – "attacks head-on the sentencing Court's application" of the Sentencing Guidelines. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). But that claim is not cognizable in this collateral proceeding. *See id.*

"Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall

into neither category and hence are not cognizable in [Section] 2255 motions." *Id.* (citation omitted). Villa-Sanchez cannot here argue that the Court erred in relying on his prior Texas convictions when it calculated his Guideline sentence. *See, e.g.*, *Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[R]elief is unavailable under § 2255 based on *Mathis, Hinkle,* and *Tanksley*" because "the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

Villa-Sanchez also asks the Court to hold his Section 2255 motion in abeyance until the Supreme Court decides *Sessions v. Dimaya*, 137 S. Ct. 31 (2016). *See* Dkt. No. 2 at 1. But *Dimaya* has no application here. The Supreme Court granted *certiorari* in *Dimaya* to decide if the residual clause of the definition of "crime of violence" in 18 U.S.C. § 16(b) is void for vagueness. *See Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (holding that Section 16(b) of the Immigration and Nationality Act is unconstitutionally vague), *cert. granted*, 137 S. Ct. 31. Villa-Sanchez was not convicted under any federal statute that involves a "crime of violence," and his sentence was not enhanced on account of any such crime. Thus, even if the Supreme Court strikes down the definition of "crime of violence" found in 18 U.S.C. § 16(b), that decision will have no impact on Villa-Sanchez's conviction or sentence. So there is no reason to delay dismissing this case until the Supreme Court decides *Dimaya*.

For these reasons, it "plainly appears" that Villa-Sanchez "is not entitled to

relief" on his Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *see also Paz v. United States*, No. 3:16-cv-1815-M-BN, 2017 WL 2954651 (N.D. Tex. May 18, 2017) ("[I]t 'plainly appears' that Movant 'is not entitled to relief' on the Section 2255 motion, and the motion should be dismissed.") (citing Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts), *rec. adopted*, 2017 WL 2954397 (N.D. Tex. Jul. 7, 2017).

## Recommendation

The Court should summarily dismiss this Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 22, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE