IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSE ALBERTO VILLA-SANCHEZ §
(BOP Register No. 49664-177), §
 §
       Movant, §
 § Civil Action No. 3:17-CV-3457-D
VS. §
 §
UNITED STATES OF AMERICA, §
 §
       Respondent. §

MEMORANDUM OPINION
AND ORDER

Movant Jose Alberto Villa-Sanchez ("Sanchez") moves to alter or amend the court's February 28, 2018 judgment summarily dismissing his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, contending that the court failed to address a claim for relief that he raised for the first time in his February 2, 2018 objections to the magistrate judge's findings of fact, conclusions of law, and recommendation. Sanchez also has filed a motion for leave to proceed *in forma pauperis* ("IFP") that appears to be related to the substantive motion.

Although it is improper to raise a claim for the first time in the objections, considering Sanchez's *pro se* status, the court will address the claim that his Sixth Amendment right to effective assistance of counsel was violated by his appellate counsel's failing to raise on direct appeal that Sanchez's trial counsel was constitutionally ineffective for failing to argue that *Descamps v. United States*, 570 U.S. 254 (2013), overruled *United States v. Ford*, 509 F.3d 714 (5th Cir. 2007).

As the Fifth Circuit has observed, it "typically declines to review ineffective assistance of counsel claims raised for the first time on direct appeal," because "competent review of such claims requires that the record be developed at the trial court." *United States v. Henneberger*, 592 Fed. Appx. 233, 236 (5th Cir. 2014) (per curiam) (citing *United States v. Cervantes*, 706 F.3d 603, 621 (5th Cir. 2013); *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987)). Had Sanchez's appellate counsel raised that claim—and had the Fifth Circuit chosen to review it—however, Sanchez has not shown that it would have been successful.

Sanchez filed his notice of appeal in the underlying criminal case on November 18, 2015, and the Fifth Circuit affirmed this court's judgment on January 5, 2017. The mandate issued on January 27, 2017. It was not until January 18, 2017, however, after the panel affirmed this court's judgment in Sanchez's case, that the Fifth Circuit issued its panel opinion in *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017), holding that *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), overturned *Ford*. *See Tanksley*, 848 F.3d at 352 ("*Mathis* is more than merely illuminating with respect to the case before us; it unequivocally resolves the question in favor of Tanksley. *Ford* cannot stand. Section 481.112(a) is an indivisible statute to which the modified categorical approach does not apply." (citations and internal quotation marks omitted)).

Because the Fifth Circuit determined that *Mathis*—decided long after Sanchez's sentencing—not *Descamps*, overturned *Ford*, Sanchez cannot show that his trial counsel was

ineffective for failing to make the argument Sanchez now maintains he should have made. Accordingly, it follows that Sanchez likewise cannot demonstrate that his appellate counsel was ineffective for failing to raise on direct appeal his trial counsel's alleged ineffectiveness. *See United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) ("[T]he objective standard of reasonableness to which counsel are held requires that they research relevant facts and law, or make an informed decision that certain avenues will not be fruitful. Thus, solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention. Although a failure of counsel to be aware of prior controlling precedents in even a single prejudicial instance might render counsel's assistance ineffective under the Sixth Amendment, we have repeatedly held that there is no general duty on the part of defense counsel to anticipate changes in the law." (citations, internal quotation marks, and brackets omitted)); *see, e.g., United States v. Woods*, 714 Fed. Appx. 455, 456 (5th Cir. 2018) (per curiam); *McCowen v. United States*, 2018 WL 1135627, at *2 (N.D. Tex. Jan. 18, 2018) (Ramirez, J.), *rec. accepted*, 2018 WL 1083820 (N.D. Tex. Feb. 27, 2018) (Boyle, J.) (both rejecting similar claims—that counsel were constitutionally ineffective for failing to anticipate changes in the law that resulted from the Supreme Court's announcing *Mathis*).

For the reasons explained, the court denies Sanchez's motion to alter or amend judgment and his related IFP motion.

**SO ORDERED**.

May 21, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE